Lower Southampton Township, Appellant *v.* Daniel F. Maloney and Olive Maloney, Appellees.

Argued October 4, 1977, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
ROGERS and BLATT.

*Ronald Smolow,* with him *Marcel L. Groen,* for ap-
pellant.

*Richard P. McBride,* with him *Power, Bowen &
Valimont,* for appellees.

OPINION BY JUDGE ROGERS, December 14, 1977:

The issue in this case is whether a township may be required to post bond as a condition to proceeding with an appeal to the Common Pleas Court from a decision of the township zoning hearing board made pursuant to Section 1007 of the Pennsylvania Municipalities Planning Code (MPC), Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11007.

Section 1007 of the MPC provides:

> Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map shall first submit their objections to the zoning hearing board under sections 909 and 915. The submission shall be governed by the provisions of section 1005.

> Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than thirty days after notice of the decision is issued.

The court to which an appeal is taken is given discretionary power to require the party aggrieved filing the appeal to post bond by Section 1008(4) of the MPC, 53 P.S. §11008(4), which is as follows:

> The filing of an appeal in court under this section, shall not stay the action appealed from but the appellants may petition the court having jurisdiction of zoning appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them,

the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court.

The Township of Lower Southampton principally argues that a township is not a person and that it may not therefore be made to file a bond as a condition for continuing its appeal.

The facts, briefly, are that the appellees, Daniel F. Maloney and Olive Maloney, own a parcel of land in Lower Southampton Township containing about 10 acres on which they desire to construct garden apartments. Lower Southampton Township apparently has no subdivision regulations. However, its zoning ordinance contained provisions relating to garden apartments, including a requirement that building permits for this use shall be issued upon approval by the Board of Supervisors of a site plan and subdivision plan filed by the landowner. The provision just referred to also says that the building permits shall be issued within 45 days after the filing of the application. The Maloney application was filed on January 29, 1974 and was rejected by the Board of Supervisors on March 14, 1974, more than 45 days after the application was filed. The Maloneys appealed the action of the Board to the Township's zoning hearing board pursuant to Section 913.1 of the MPC, 53 P.S. §10913.1, which body, after hearing, ordered the zoning officer to issue the building permits in accordance with the Maloneys' application because their application was deemed to be approved by reason of the Supervisors' failure to render a decision within the time fixed by its ordinance. Section 508(4) of the MPC, 53 P.S. §10508(4).

The Township thereupon filed its appeal to the court below pursuant to Section 1007 of the MPC. The Township did not ask for the stay provided by Section 1008(4), but the landowner petitioned the court that the Township be required to post bond. After a hearing, a judge of the court below ordered the Township to post bond in the amount of $15,000. The court's order permitted the Township to post bond without corporate or other surety. The Township filed an appeal of this order to this, the Commonwealth Court, which we quashed as interlocutory. It refused to file the bond required by the court below and its appeal was thereafter, on application of the landowner, dismissed. The Township appeals from the order of dismissal. We affirm the order below.

The appellant Township says that because Section 1008(4) uses the word "persons" in describing the class of parties-appellant who may be required to post bond, municipalities, not being "persons," were not intended to be included. Its argument in this regard consists in part of reference to sections of the MPC other than Sections 1007 and 1008(4), which it says compel the conclusion it urges. We have carefully considered the sections which the Township cites and find nothing in any of them which supports its thesis. More to the point, looking at Section 1008(4), we find that it says that "appellants," not persons, may be required to post bonds. The statute then says that the appellants who may be required to post bonds are "persons who are seeking to prevent a use or development of the land of another." The word "persons" is thus used only to provide a subject for the phrase describing by purpose the subclass of appellants who may be required to post bond. It would be cumbersome, if not absurd, for the Legislature to describe such appellants as "persons, partnerships, corporations or municipal corporations."

The fallacy of the Township's position that the word "person" whenever used in the MPC was not intended to include a municipality is further demonstrated by Section 1007 pursuant to the second paragraph of which the Township appealed to the court below. The first paragraph of Section 1007 provides that "persons aggrieved by a use . . . permitted on the land of another" may appeal a decision of a municipal officer or agency to the zoning hearing board. If the phrase "persons aggrieved" does not include municipalities, as would follow from the Township's argument, a municipality would be unable to obtain a review of a building permit improperly issued by its zoning officer or of a subdivision erroneously approved by its planning commission, if the commission has been given this power.[1]

We are persuaded by the language of the statute that the Legislature intended by Section 1008(4) that the municipality, as any other party appellant seeking to prevent another from using or developing his land, may be required to post bond.

In the same connection, we observe that the modern view is that the word "persons" when used in a statute as a general rule is held to include corporations. 1 Pa. C.S. §1991. *See Casco Products Corp. v. Hess Bros., Inc.*, 184 Pa. Superior Ct. 47, 132 A.2d 922 (1957). Clearly, business and nonprofit corporations which have participated in Section 1007 proceedings before zoning hearing boards and which as parties aggrieved have appealed to a Court of Common Pleas were not meant to, and would not, be exempted from Section 1008(4)'s provision for bond. Mindful of what we know has been the more than occasional practice of municipalities on their own behalf or on that of groups of its citizens, to engage quite properly in extensive

---

[1] As may be provided by Section 501, 53 P.S. §10501.

litigation seeking to forestall unwanted but not clearly prohibited developments, we conclude that the Legislature intended municipalities to bear the same burdens as other litigants bent on the same purpose.

The Township makes a number of other arguments which we will dispose of briefly. It says that the court below abused its discretion in ordering the Township to post a bond because the zoning hearing board had no jurisdiction to hear the appeal from what it says was the Board of Supervisors' rejection of the appellees' site plan and subdivision proposal. The argument is substantively without merit because Section 913.1, 53 P.S. §10913.1, under which the appeal was taken to the zoning hearing board allows appeals to that board where it has jurisdiction under, *inter alia,* Section 909, 53 P.S. §10909. The section last mentioned provides for an appeal to the zoning hearing board from alleged erroneous actions of the zoning officer. Under the provisions of Lower Southampton Township's zoning ordinance, building permits for garden apartments were to be issued "upon approval of the Board of Supervisors." The duty of issuing or refusing to issue such permits, however, lay with the Township zoning officer. In fact in this case it was the zoning officer who notified the appellees that their building permit was refused. Furthermore, on this point, the only issue below was not one of the zoning hearing board's jurisdiction but that of whether bond should be required to be posted by the Township, and, if so, the amount thereof. Finally, neither this question nor the Township's contention that Section 1008 (4) violates Article IX, Section 1 of the Pennsylvania Constitution was raised below.

We therefore affirm the order of the court below.

ORDER

AND Now, this 14th day of December, 1977, the order of the court below appealed from is affirmed.